## Case No. 2,922.

### COBB v. HAMLIN.

[3 Cliff. 191;[1] 8 Int. Rev. Rec. 121.]

Circuit Court, D. Massachusetts.    Oct. Term, 1868.

CUSTOMS DUTIES— ACT OF MARCH 3, 1865— DUTIABLE VALUE—MARKET VALUE.

1. Under the act of the 3d of March, 1865 [13 Stat. 493], the dutiable value of imported merchandise is the actual market value, or wholesale price thereof at the period of exportation to the United States, in the principal markets of the country from which the same was exported, without any addition for commissions, brokerage, costs of transportation, shipment, or transshipment, or other like costs in placing the goods on shipboard.

2. Where goods are purchased in the foreign market in bulk, and subsequently to the purchase put into the packages, boxes, or coverings by the buyer for convenience or preservation, actual market value does not include such packing, under the act of March 3, 1865.

[Cited in Meyers v. Shurtleff, 23 Fed. 579. Explained in Oberteuffer v. Robertson, 24 Fed. 853.]

[3. Cited in Harding v. Whitney, Case No. 6,052. as to the rule for assessing duties under the provisions of the act of August 30, 1842, § 16 (5 Stat. 563), by which all costs and charges are to be included in the actual "market value."]

At law. Assumpsit [by Samuel C. Cobb against Hannibal Hamlin] to recover certain duties paid under protest. Facts agreed, of which the following are the material ones:—Five invoices of lemons and oranges packed in boxes were imported from Palermo, Sicily, into the port of Boston, and were duly entered for consumption or warehousing by the plaintiff, as consignee of the respective invoices. They were imported and entered at the custom-house between the 18th of November, 1865, and the 14th of April, 1866. The parties agreed that the lemons and oranges were purchased at Palermo by the shippers in bulk, at certain rates by the thousand, and were then "one by one" wrapped in paper and packed in boxes furnished by the purchaser, for the purpose of preserving the fruit, and for more convenient shipment. The net cost and value of the lemons and oranges in bulk, embraced in the five invoices, was, at the

---

[1] [Reported by William Henry Clifford, Esq., and here reprinted by permission.]

place of exportation, $8,549, exclusive of the cost of the boxes and packing; and all other costs and charges for the boxes, nails, packing-paper, charges of shipment, and other charges, besides the cost and value of the lemons and oranges imported, were $7,852 [as shown by the agreed statement].[2] The finding of the appraisers was, that the invoice value of the cost of the lemons and oranges was, as purchased in bulk, correct, but they added the sum of $7,872, as the costs and charges for the boxes and packing, etc., and for the other charges, which was agreed to be correct in amount, if it was properly to be added, in ascertaining the dutiable value of the merchandise. The amount of the duties assessed and collected was $3,836.75, of which $1,864.50 were assessed on the costs and charges, added to the invoice value. The plaintiff duly protested, and seasonably appealed to the secretary of the treasury, but the department affirmed the doings of the collector. Dissatisfied with the decision of the department, the plaintiff instituted this suit to recover back the duties assessed upon the costs and charges, which he insisted were illegally exacted. Judgment was to be rendered in favor of the plaintiff for that sum, if none of the costs and charges, as expressed in the invoices, were properly added to the invoice value of the lemons and oranges, in order to ascertain the dutiable value of the importation, with interest from such time as the court might determine to be just and right. But if the court should be of the opinion that the whole amount of the costs and charges was properly added to the invoice value of the oranges and lemons, as purchased in bulk, then the judgment was to be for the defendant.

Jewell and Gaston, for plaintiff.

The words "actual market value" and "wholesale price" have received judicial construction, and this construction excludes costs, charges, and boxes, etc. Barnard v. Morton [Case No. 1,005]; Grinnell v. Lawrence [Id. 5,831]; Wilson v. Maxwell [Id. 17,824]; Wilbur v. Lawrence [Id. 17,635]; Belcher v. Linn, 24 How. [65 U. S.] 535; Knight v. Schell, 24 How. [65 U. S.] 530; Reg. Treas. Dept. 1857, p. 177, § 305; Id. p. 177, § 306; Id. p. 193, § 364. Under former laws which included costs and charges in the dutiable value, the "sacks, hogsheads, etc." were included in the costs and charges, and were added to the appraised value of the commodity. Belcher v. Linn, 24 How. [65 U. S.] 535, and other cases cited above. That it was the intention of congress to create a new and different rule, which should exclude all costs and charges from the dutiable value, is seen by comparing the phraseology of the seventh section of the act of 1865 with that of previous acts. 1.

Compare first part of section 7, Act 1865 [13 Stat. 493], with section 1, Act March 3, 1851 (9 Stat. 629). 2. Compare same with section 16, Act Aug. 30, 1842 (5 Stat. 563). 3. Compare the rest of section 7, Act 1865, beginning at twelfth line, with section 23, Act June 30, 1864 (13 Stat. 226).

If a subsequent statute professes, or manifestly intends, to regulate the whole subject to which it relates, it repeals all former statutes so far as it differs from them. Daviess v. Fairbairn, 3 How. [44 U. S.] 636; Dexter & Limerick Plank-Road Co. v. Allen, 16 Barb. 15; Illinois & M. Canal v. Chicago, 14 Ill. 342. If the act of 1865 contained no repealing clauses, it would make a complete and perfect rule for assessing duties on the merchandise in question, excluding all costs and charges, and would by necessary implication repeal all previous statutes providing a different rule. Farr v. Brackett, 30 Vt. 344. But the act of 1865 goes further, and in express terms repeals the act of 1864; and all acts and parts of acts requiring duties to be assessed upon commissions, brokerages, costs of transportation, shipment, and other like costs and charges incurred in placing any goods, wares, or merchandise on shipboard, and all acts and parts of acts inconsistent with its provisions. All acts which provide a different rule for assessing duties are inconsistent with the act. The words "costs and charges" include boxes. Barnard v. Morton [Case No. 1,005]; Belcher v. Linn, 24 How. [65 U. S.] 535; Knight v. Schell, 24 How. [65 U. S.] 530.

"Laws imposing duties are never construed beyond the natural import of the language used, and duties are never imposed upon the citizens upon doubtful interpretations, for every duty imposes a burden upon the public at large, and is construed strictly, and must be made out in a clear and determinate manner from the language of the statute." Adams v. Bancroft [Case No. 44]; Powers v. Barney [Id. 11,361]. "Revenue and duty acts are to be construed according to the true import and meaning of their terms; and when the legislative intention is ascertained, that, and that only, is to be our guide in interpreting them." U. S. v. Breed [Id. 14,638]. "Statutes levying duties on citizens or subjects are to be construed most strongly against the government, and in favor of the citizen." U. S. v. Wigglesworth [Id. 16,690]; U. S. v. Morse [Id. 15,820]. "As congress wishes to foster an honest and honorable commerce by its laws, no less than to obtain revenue, it is neither the true policy nor the right of departments or of the courts, nor is it presumed to be their desire, to thwart the views of congress, or embarrass mercantile business when not attended by equivocation and fraud, or to throw doubts or difficulties over the liberal course proper to be pursued generally towards the community in any branch of

---

[2][From 8 Int. Rev. Rec. 121.]

trade." Marriott v. Brunc, 9 How. [50 U. S.] 635.

W. A. Field, Asst. U. S. Atty.

1. Some of the statutes relating to the dutiable value of merchandise and what are to be included in making up the value on which ad valorem duties were or are to be levied are the following: Section 17, c. 5, 1789 (1 Stat. 41); section 39, c. 35, 1790 (1 Stat. 167); section 3, c. 17, 1795 (1 Stat. 411); section 61, c. 22, 1799 (1 Stat. 673); chapter 51, 1817 (3 Stat. 369); section 4, c. 79, 1818 (3 Stat. 434); section 5, c. 21, 1823 (3 Stat. 732); sections 7, 15, c. 227, 1832 (4 Stat. 591, 593); section 16, c. 270, 1842 (5 Stat. 563); section 1, c. 38, 1851 (9 Stat. 629); section 28, c. 68, 1861 (12 Stat. 197); section 24, c. 171, 1864 (13 Stat. 217); repealed by section 4, c. 80, 1865 (13 Stat. 493); section 9, c. 298, 1866 (14 Stat. 330).

Up to 1823 the cost was the basis of dutiable value, a percentage was usually added, and the cost of outside packages was in general excluded; by the act of 1823 (section 5) the actual cost if purchased; the actual value if procured otherwise than by purchase, and at the time and place when and where the merchandise was purchased or procured; the appraised value if appraised, with all charges added, except insurance, made the dutiable value. Section 15 of act of 1832 is substantially the same as the section 5, Act 1823, except the addition of a percentage is omitted. Section 16, Act 1842, makes the dutiable value the actual market value or wholesale price, at the time when purchased, in the principal markets of the country, with all costs and charges, except insurance, added, including charge for commissions. Section 9, Act 1851, extends to all merchandise whether purchased or not, and makes the period of exportation the time, and no other material changes. Section 28, c. 68, 1861, makes day of actual shipment the time, the words "period of exportation" having been held to be the day of sailing. Section 24, c. 171, 1864, makes the actual value of such goods on shipboard at the last place of shipment the dutiable value, adding the cost of transportation from the place of growth, etc., of shipment or transshipment, and all expenses included by land or water to the vessel in which shipment is made to the United States, the value of the sack, box, or covering of any kind, commission, etc., brokerage, export duties, and all costs and charges paid or incurred for placing such goods on shipboard, and all other proper charges specified by law. Section 7, c. 80, 1865, makes the actual market value or wholesale price at the period of exportation to the United States, in the principal markets of the country whence exported, the dutiable value, and expressly repeals the section 24, of the act of 1864, and all acts or parts of acts requiring duties assessed upon commission, brokerage, cost of transportation, shipment, transshipment, and other like costs and charges incurred in placing the merchandise on shipboard, and repeals all acts and parts of acts inconsistent with this act. This act took effect on April 1, 1865, and the seventh section remained in force until the act of July 28, 1866, section 9 of which (14 Stat. 330) substantially enacts the section 24 of the act of 1864, except the one makes the actual value on shipboard at the last place of shipment the dutiable, and the other, the actual wholesale price or general market value, at the time of exportation, in the principal markets of the country from whence the same shall have been imported, the dutiable value. The main change in the law of 1865, from that of 1864, is a return to the system of valuation on the basis of the market values in the principal markets of the country, and not a valuation of actual value at the last place of shipment, made up of the actual value at the place of growth, with the charges of transportation and shipment added. There is no express repeal of either the act of 1851 or the act of 1842. General Regulations, pp. 76, 77; also section 370. And such are the decisions of the courts. Barnard v. Morton [supra]; Gant v. Peaslee [Case No. 5,212]; Warren v. Peaslee [Id. 17,198].

Excepting commission, brokerage, and insurance, there were two classes of costs and charges, the first being the costs and charges of putting the merchandise into the form in which it entered into trade and commerce, as putting lemons into boxes; and the second being the cost of transporting this merchandise to the place of shipment and putting it on board. In the law of 1865, it seems to have been regarded that the importation began when the merchandise began to be transported. Section 9 names commission, brokerage, cost of transportation, shipment, transshipment, and other like costs and charges incurred in placing any goods, wares, and merchandise on shipboard.

Repeals by implication are not favored, and are carried no further than direct and absolute repugnancy or inconsistency requires. The section 9, of the act of 1865, is not repugnant to either the act of 1842 or 1851, in the matter of adding the first class of charges in making up the dutiable value, and the language of the section 9, by a well-known rule of construction, excludes any such intention. The section 31, of the act of 1861, expressly repeals all acts and parts of acts repugnant to its provisions, and section 28 of the same act is, that the duty shall be estimated upon the value on the day of actual shipment; yet the practice of the department was, to regard the act of 1861 as only changing, in the specified cases, the time to which the valuation relates, from the period of exportation to the day of actual shipment, as the act of 1851 had changed the act of 1842, which in certain cases fixed the time when the merchandise was purchased as the time to which the valuation relates, and the department insisted upon the same addition of costs and charges

under the act of 1861, as under the acts of 1851 and 1842.

This question is very different from one that arises under specific duties, that is, where the law imposes a duty of five cents per pound on merchandise. The law may establish an arbitrary tare for boxes, barrels, and bales, and then the rule established by law must prevail; but in the absence of all law expressly establishing the tare, it might perhaps be held that the five cents per pound is leviable only upon the net weight. See Wilson v. Maxwell [Case No. 17,824]. This case is also distinguishable from a case where the merchandise is for convenience packed in a box, which merchandise is not customarily bought and sold by the box, and a box of which has no well-known commercial meaning. Oranges and lemons in boxes are for commercial and tariff purposes like molasses in hogsheads, or liquors in casks, barrels, and bottles; the boxes, hogsheads, casks, barrels, and bottles are not regarded as independent importations, and are not dutiable as such, but as incidental and annexed to their contents, forming altogether well-known articles in commerce and trade.

CLIFFORD, Circuit Justice. Collectors of the customs within whose districts merchandise subject to an ad valorem rate of duty was imported or entered, were required by the act of the 3d of March, 1865, to cause the actual market value or wholesale price thereof, at the period of the exportation to the United States, in the principal markets of the country from which the same was imported into the United States, to be appraised, and the act provided that such appraised value should be considered the value upon which the duty should be assessed. 13 Stat. 493.

Throughout the period of these importations the act of the 3d of March, 1865, was in full force and operation. Reference to the ninth section of the act will show that it went into operation on the 1st of April after it was passed, and it continued in force until the 10th of August of the following year. 14 Stat. 328. Actual market value of imported merchandise subject to any ad valorem rate of duty was required by the sixteenth section of the act of the 30th of August, 1842, to be estimated, ascertained, and appraised as it was in the principal markets of the country from which the same was imported, and at the time when the merchandise was purchased, and the provision was, that to such value or price should be added, as the true value upon which the duties should be assessed, all the costs and charges, except insurance, and including in every case a charge for commissions at the usual rates. 5 Stat. 563.

The same provision was incorporated into the appraisement act of the 3d of March, 1851, except that the requirement in that act is, that the actual market value or wholesale price of the merchandise shall be appraised, estimated, and ascertained at the period and place of exportation. 9 Stat. 629. Costs and charges, as distinguished from the actual market value of the merchandise, were under those acts properly added to such market value, as the means of ascertaining the dutiable value of the importation at the port where the merchandise was entered. Knight v. Schell, 24 How. [65 U. S.] 531. Whenever a properly certified bill of lading is presented, showing the day of actual shipment, the twenty-eighth section of the act of the 2d of March, 1861, provides that the duty shall be estimated and collected on the day of actual shipment. 12 Stat. 197.

In determining the valuation of goods imported from foreign countries, the twenty-fourth section of the act of the 30th of June, 1864, provides that the actual value of such goods on shipboard at the last place of shipment to the United States shall be deemed the dutiable value, except in certain cases not necessary to be noticed. Such value, the same section provides, shall be ascertained by adding to the value of the goods at the place of growth, production, or manufacture, the cost of transportation, shipment, and transshipment, with all the expenses incurred from the place of growth, production, or manufacture, whether by land or water, to the vessel in which shipment is made to the United States, and the value of the sack, box, or covering of any kind in which such goods are contained, commission at the usual rate, in no case less than two and one half per centum brokerage, and all export duties, together with all costs and charges paid or incurred for placing said goods on shipboard, and all other charges specified by law. 13 Stat. 217. Comment upon that provision is unnecessary, as it is clear that if the respective importations in this case had been made under it, the plaintiff would have no claim to recover back any portion of the duties assessed by the collector. But the lemons and oranges in this case were imported under the act of the 3d of March, 1865, which required the collector within whose district the same were entered to cause the actual market value or wholesale price thereof at the period of the exportation to the United States, in the principal markets of the country from which the same was imported, to be appraised; and the same section also provides in express terms "that such appraised value shall be considered the value upon which the duty shall be assessed." Still the views of the department might be sustained if the twenty-third section had been continued in force; but that section is in terms repealed by the second provision of the seventh section of the act under which the respective importations were made. 13 Stat. 494. Section seven also enacts that all acts and parts of acts requiring duties to be assessed upon commissions, brokerage, cost of transportation, shipment, transshipment, and other like

costs and charges incurred in placing any goods, wares, or merchandise on shipboard, shall be repealed, and expressly provides, in conclusion, that all acts and parts of acts inconsistent with the provisions of this act are hereby repealed.

Expressed, as the intention of congress is in that provision, in plain and unambiguous language, it furnishes the absolute rule of decision which is obligatory upon the court. Under that provision, therefore, the dutiable value of imported merchandise is the actual market value or wholesale price thereof at the period of exportation to the United States, in the principal markets of the country from which the same was imported into the United States, without any addition for commissions, brokerage, costs of transportation, shipment, or transshipment, or other like costs and charges in placing the goods on shipboard.

If any confirmation of this view be needed, except what is derived from the language employed, it is found in the fact that congress on the 28th of July, 1866, re-enacted in substance and legal effect the provision requiring that all such costs and charges should be added to the actual market value, as the basis for the assessment of the duties. 14 Stat. 330. Considered in any point of view, it is quite clear that the dutiable value of merchandise imported between the 1st of April, 1865, and the 10th of August of the following year, when the existing act went into operation, was only the actual market value thereof, to be appraised, estimated, and ascertained as before explained.

Such being our conclusion, it only remains to ascertain whether the costs and charges in this case are properly to be regarded as an element of the actual market value of the merchandise within the meaning of that act of congress. Some descriptions of goods are purchased and sold in the foreign market in bulk, and are subsequently to the purchase and sale put into boxes, packages, or coverings, by the purchaser, for the preservation of the merchandise and the convenience of shipping. Other descriptions are put into boxes, packages, or coverings by the .producer, manufacturer, or wholesale merchant in the foreign country, and the merchandise is there purchased and sold for exportation in the boxes, packages, or coverings in which it is so placed by the producer, manufacturer, or wholesale merchant. The actual market value in the former case does not include the cost of the box, package, or covering within the meaning of that act of congress, as the boxes, packages, or coverings in such cases are purchased by the shipper, as the means of preserving the goods, and for the convenience of shipment. But no doubt is entertained that the words "actual market value," without more, would include the cost of the box, package, or covering in all cases where the merchandise in question was actually purchased in the box, package, or covering,

and is usually so purchased and sold for shipment in the foreign market, and where the price includes the box, package, or covering as well as the goods therein contained. Barnard v. Morton [Case No. 1,005]; Grinnell v. Lawrence [Id. 5,831]; Belcher v. Linn, 24 How. [65 U. S.] 535; Knight v. Schell, 24 How. [65 U. S.] 530; Wilson v. Maxwell [Case No. 17,824].

The defendant as well as the plaintiff agrees, that the general custom of shippers of lemons and oranges at Palermo is, if the fruit is purchased in bulk, to have it packed in boxes for shipment in substantially the same manner as the lemons and oranges were packed in this case. All of the lemons and oranges in this case were purchased in bulk at a certain rate by the thousand, and were afterwards selected and packed "one by one" in boxes, and transported to the place of shipment. Evidently the expense of the boxes and the labor of selecting and packing the fruit were wholly separate from the price paid in the purchase of the same, and it is equally clear that it was incurred to preserve the fruit, and for the convenience of shipment. Undoubtedly such fruit is usually bought and sold here, by wholesale merchants and jobbers, in the boxes, and without any additional charge for the box, but that circumstance cannot affect the question under consideration, as the inquiry is as to the actual market value or wholesale price of the merchandise in the principal markets of the country from which the same was imported.

Judgment for the plaintiff for the sum of $1,864.50, with interest from the time of actual payment.