OBERTEUFFER and others *v.* ROBERTSON.

*(Circuit Court, S. D. New York.* August 20, 1885.)

CUSTOMS DUTIES—GLOVES IN CARTONS AND BOXES—MARKET VALUE—ACT OF
MARCH 3, 1883, § 7.

Whenever goods are sold in the markets of the country of exportation,
whether usually or only occasionally in boxes, cartons, or coverings of any
kind, which make the goods attractive and desirable, and the boxes, cartons,
etc., enter into the price there of the goods as merchantable commodities, the
boxes, cartons, etc., are accessories of the goods, and actual market value in-
cludes them as an element of the value of the goods in the condition in which
they are purchased.

At Law.

WALLACE, J. The plaintiffs sue for duties which they claim were
illegally exacted by the defendant, as collector of the port of New York,
upon their importation in July, 1883, of certain gloves and hosiery.
The merchandise was purchased by plaintiffs in Chemnitz, Germany,
and at the time of the purchase was in cartons. According to the
custom of trade there, gloves and hosiery, when intended for the mar-
kets of the United States, are usually prepared for sale by the manu-
facturers in cartons, not for the purpose of transportation, but be-
cause purchasers for our markets prefer them put up in that form;
and the manufacturers there ordinarily include the price of the car-
tons in the price of the gloves and hosiery. For the purposes of ship-
ment and transportation outside cases inclosing the cartons are used.
The cartons are preferred because the goods are more conveniently
kept and handled by retailers in that form than when loose. In es-
timating the dutiable value of the gloves and hosiery, the appraiser
added to the price appearing in the plaintiff's invoices as the cost
price of the gloves and hosiery, a sum sufficient to cover the cost or
value of the cartons also; that item having apparently been omitted
in the invoices, and not included in the cost price of the gloves and
hosiery, presumably in order to present the main question which has
been discussed in this case. That question relates to the construc-
tion to be placed upon section 7 of the act of congress of March 3,
1883, under which the plaintiffs contend that the value of the cartons
should be excluded by the appraiser in ascertaining the dutiable value
of the goods.

A verdict was ordered for the defendant upon the trial, on the
ground that the plaintiffs' protest was insufficient to present the ob-
jections relied upon by them to the exaction of the duties in contro-
versy. It is not necessary, for the decision of this motion for a new
trial, to consider the question of the sufficiency of the protest, because
the conclusion is reached that the plaintiffs' contention upon the main
question is not tenable, and that the verdict should stand, because the
duties were not illegally exacted.

The meaning and effect of section 7 of the act of March 3, 1883,

were carefully considered by the attorney general of the United States in his opinion of the date of January 11, 1884. One of the questions presented for his judgment was whether the section prohibits the inclusion in the dutiable value of merchandise of the value of the boxes and coverings which are part of its preparation for sale in the markets of the country of exportation. After a full review of the pre-existing legislation, he answered this question in the negative. His opinion is so satisfactory that it is adopted for present purposes with a single qualification. He states incidentally that the cost of boxes or coverings with which goods are *ordinarily* prepared for sale in the foreign market, and in which they are *usually* sold and purchased there, must be regarded as entering into or as being an element of the actual market value of the goods. If it is intended by this to indicate that the cost of the boxes or coverings should not be included unless the goods are ordinarily and usually prepared and sold in the foreign market in such boxes or coverings, that suggestion is not assented to. It seems to be founded upon the language of CLIFFORD, J., in *Cobb* v. *Hamlin*, 3 Cliff. 191, 200, in which case it was said by that learned judge:

"But no doubt is entertained that the words 'actual market value,' without more, would include the cost of the box, package, or covering in all cases where the merchandise in question was actually purchased in the box, package, or covering, and is usually so purchased and sold for shipment in the foreign market, and where the price includes the box, package, or covering, as well as the goods therein contained."

The precise question upon which this part of the opinion was expressed was not involved in that case, and there is no reason to suppose that it was intended to decide that the cost of the box, package, or covering should not be considered as entering into the actual market value of the goods, when they are treated as part of the goods, and when the goods are actually purchased in the box, package, or covering, and the price includes the box, package, or covering, as well as the goods contained therein. When section 7 declares that none of the charges imposed by existing law, nor the value of the usual and necessary sacks, etc., shall be estimated in ascertaining the value of the goods in order to determine their dutiable value, the language refers to the actual or usual charges for putting up, preparing, and packing the goods for transportation and shipment, including the sacks, boxes, or covering of any kind in which they are contained, which, by the provisions of section 2907, Rev. St., are to be added to the wholesale price or market value of the goods at the time of the exportation in the principal markets of the country of exportation. Although upon first consideration it would seem that this part of the section was unnecessary, if something more than the repeal of section 2907 was not intended by congress, the clause, when read with the proviso annexed to it, appears to have been added to the repealing clause in order to emphasize the intent of congress, and at the same

time to denote explicitly that coverings, etc., although employed ostensibly for the purpose of transportation and shipment, should not escape duty if used with the design to evade duty, or for any purpose other than the *bona fide* preparation of the goods for transportation. Section 7 is therefore to be construed as merely repealing pre-existing laws so far as they relate to adding the cost and expenses of transportation, shipment, and transhipment, including those of preparing and packing the goods, to the wholesale price or actual market value in the principal markets of the country of exportation in order to ascertain dutiable value. Its effect is to abrogate section 9 of the act of March 28, 1866, (section 2907,) and restore the provisions of section 7 of the act of March 3, 1865. While it abrogates the existing provisions for determining dutiable value, it does not contemplate prescribing any new rule for ascertaining market value. This is to be ascertained by ascertaining the actual value or wholesale price of the goods in the condition in which they are purchased ànd sold in the foreign market, without reference to special preparation for transportation and shipment. The "usual and necessary sacks, crates, boxes, and coverings," which are not to be estimated as part of the value of the goods in determining their dutiable value, are not those which are employed in the preparation of the goods for sale in the markets of the country of exportation, but are those which are usually and necessarily employed in preparing and packing them for transportation and shipment. Whenever, therefore, goods are sold in the markets of the country of exportation, whether usually or only occasionally, in boxes, cartons, or coverings of any kind, which make the goods attractive and desirable, and the boxes, cartons, etc., enter into the price there of the goods as merchantable commodities, the boxes, cartons, etc., are accessories of the goods, and actual market value includes them as an element of the value of the goods in the condition in which they are purchased.

In this case the appraiser properly added to the plaintiffs' invoice price of the hosiery and stockings a sufficient sum to include the value of the cartons, the cost or value of which was not apparently included in the invoice price of the goods. He did this in order to determine the market value of the goods in the condition in which they were offered for sale in the principal markets of the country of exportation. If he erred in adding a sum larger than was necessary to include the value of the cartons, the plaintiffs should have applied for reappraisement. They cannòt attack his decision collaterally upon the theory that the duties exacted were excessive.

The defendant was entitled to a verdict for these reasons, and the motion for a new trial is therefore denied.